**In re DARBY SUPERMARKET, INC.**

**Civ. A. No. 88–7441.**

United States District Court,
E.D. Pennsylvania.

Dec. 12, 1988.

---

Pace Reich, Gary R. Kozik, Pincus, Bressler, Hahn, Reich & Weinberg, Philadelphia, Pa., for appellant.

James O'Connell, Philadelphia, Pa., Asst. U.S. Trustee.

Steven R. Fischer, Gary A. Rosen, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., for debtor.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an appeal of an order of the bankruptcy court denying the motion of creditor Wetterau Finance Co. and Wetterau Food Services, Inc. (Wetterau) to convert the Chapter 11 bankruptcy of debtor Darby Supermarket Inc. (Darby) to a Chapter 7 proceeding, pursuant to 11 U.S.C. § 1112(b). In its August 17, 1988 order, which followed a hearing on Wetterau's motion, the bankruptcy court ordered Darby to file a plan and proposed disclosure statement on or before January 1, 1989, and schedule a hearing for approval of the disclosure statement on or before February 1, 1989, or face dismissal of its bankruptcy petition.

Wetterau argues that it has made the requisite showing of "cause" under § 1112(b) for a Chapter 7 conversion, alleging that Darby's business is moribund, its assets are diminishing, and there is no reasonable likelihood of rehabilitation. Thus, Wetterau asserts, the bankruptcy court erred in denying its conversion motion. Darby counters that Wetterau presented insufficient probative evidence at the hearing on any of the § 1112(b) factors supporting a Chapter 7 conversion, and relies instead on untested assumptions about Darby's ability to gain approval of or effectuate a reorganization plan. Darby acknowl-

edges that it does not intend to resume operations, but states that it intends to present a "liquidating plan" following the conclusion of its civil action against Wetterau.[1] Darby points out that under 11 U.S.C. § 1123(b)(4), a reorganization plan may provide for liquidation.

However, I need not determine the relative merits of the parties' positions on Wetterau's conversion motion. Under 28 U.S.C. § 158(a), this court has jurisdiction over "appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees" of the bankruptcy court. Wetterau has not sought leave to appeal the bankruptcy court's interlocutory order, and I find no basis for disturbing the court's resolution of Wetterau's motion.

Because of the complexity and protracted nature of bankruptcy proceedings, the Third Circuit has mandated a pragmatic and less technical approach to finality in bankruptcy cases than in other types of actions. *In re Amatex Corp.,* 755 F.2d 1034, 1039 (3d Cir.1985). Among the considerations in determining the appealability of a bankruptcy court's order are "the impact of the matter on the assets of the bankruptcy estate, the preclusive effect of a decision on the merits, and whether the interests of judicial economy would be furthered." *F/S Airlease II Inc. v. Simon,* 844 F.2d 99, 104 (3d Cir.1988), *citing In re Meyertech,* 831 F.2d 410, 414 (3d Cir.1987). In this case, none of those factors support review of the bankruptcy court's order. The court's order does not allow or disallow claims against Darby, and does not pose the threat of irreparable harm to the creditors' interests. Moreover, judicial economy would not be furthered by interlocutory review, particularly in light of the approaching deadline for the filing of Darby's reorganization plan.

For the foregoing reasons, Wetterau's appeal will be dismissed.

---

1. *See* Debtor's Answer to Motion of Wetterau, Inc, et al. to Convert the Proceeding to a Case under Chapter 7, at ¶ 3, attached as Exh. B. to Appellee's Brief.